# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | : |
| Plaintiff, | : |
| v. | : |
| SUN BRIGHT VENTURES LLC, Et Al., | : Case No: 8:14-cv-2153-T27-EAJ |
| Defendants. | : |

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS BENJAMIN TODD WORKMAN, CITADEL ID PRO LLC, AND SUN BRIGHT VENTURES LLC**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief (Docket No. 1), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) & 57b. The Commission and Defendants Benjamin Todd Workman, Citadel ID Pro LLC, and Sun Bright Ventures LLC (collectively the "Workman Defendants") stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

**Therefore, it is ordered** as follows:

### FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that the Workman Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45 and the "Telemarketing Sales Rule" ("TSR"), 16 C.F.R. Part 310.

3. The Workman Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, the Workman Defendants admit the facts necessary to establish jurisdiction.

4. The Workman Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. The Workman Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

6. There is no reason to delay entry of judgment.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. **"Healthcare-Related Products"** means any program, membership, card, product, insurance policy, or other good or service, that offers, or purports to offer, insurance, discounts, savings, or benefits on healthcare, or access to insurance, discounts, savings, or benefits on healthcare. The insurance policies included in this definition are limited to policies covering healthcare services and products, and exclude long-term disability services and products.

2. **"Individual Defendant"** means Benjamin Todd Workman.

3. **"National Do No Call Registry"** means the registry of telephone numbers maintained by the FTC, pursuant to Telemarketing Sales Rule, 16 C.F.R. § 310.4(b)(1)(iii)(B), of Persons who do not wish to receive Outbound Telephone Calls to induce the purchase of goods or services.

4. **"Outbound Telephone Call"** means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

5. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

6. "**Remotely Created Check**" or "**RCC**" " means a check drawn on a payor's account that is initiated or created by or on behalf of the payee, and which is deposited into or cleared through the check clearing system. For purposes of this definition, an account includes any financial account or credit or other arrangement that allows a person to draw checks that are payable by, through, or at a bank. For purposes of this definition, a Remotely Created Check originates as a paper-based transaction, but can be processed subsequently through electronic means (such as through check imaging or scanning) or through non-electronic means. A Remotely Created Check is often also referred to as an "RCC," "demand draft," "bank draft," "bank check," or "preauthorized draft."

7. "**Remotely Created Payment Order**" or "**RCPO**" means a payment instruction or order drawn on a payor's account that is initiated or created by or on behalf of the payee, and which is deposited into or cleared through the check clearing system. For purposes of this definition, an account includes any financial account or credit or other arrangement that allows checks, payment instructions, or orders to be drawn against it that are payable by, through, or at a bank. For purposes of this definition, unlike a Remotely Created Check, a Remotely Created Payment Order does not originate as a paper-based transaction. A Remotely Created Payment Order is created when a seller, merchant,

payment processor, or other entity directly or indirectly enters financial account and routing numbers into an electronic check template that is converted into an electronic file for deposit into the check clearing system.

8. **"Representatives"** means Workman Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order.

9. **"Telemarketer"** means any Person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

10. **"Telemarketing"** means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

11. **"Telemarketing Sales Rule"** means the FTC Rule entitled "Telemarketing Sales Rule," 16 C.F.R. Part 310.

12. **"Workman Defendants"** means Individual Defendant Workman, Citadel ID Pro LLC, and Sun Bright Ventures LLC, individually, collectively, or in any combination.

**ORDER**

**I.**

**BAN ON SALE OF HEALTHCARE-RELATED OR IDENTITY THEFT PROTECTION-RELATED GOODS OR SERVICES**

**IT IS ORDERED** that the Workman Defendants are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale or assisting in the advertising, marketing, promoting, or offering for sale of: (i) any Healthcare-Related Products or (ii) any program, membership, insurance policy, or other good or service, designed for the purpose of preventing, mitigating, or recovering from any form of identity theft.

## II.

## BAN ON REMOTELY CREATED CHECKS AND PAYMENT ORDERS

**IT IS FURTHER ORDERED** that the Workman Defendants are permanently restrained and enjoined from, directly or indirectly:

A.    Creating or causing to be created, or assisting others in creating or causing to be created, Remotely Created Checks or Remotely Created Payment Orders drawn on any account not controlled by the Workman Defendants; and

B.    Depositing, causing to be deposited, assisting others in depositing, or causing to be deposited, Remotely Created Checks or Remotely Created Payment Orders drawn on any account not controlled by the Workman Defendants.

## III.

## PROHIBITION ON UNAUTHORIZED BILLING

**IT IS FURTHER ORDERED** that the Workman Defendants and their Representatives, whether acting directly or indirectly, in connection with the marketing, advertising, promotion, or offering for sale of any products or services, are hereby permanently restrained and enjoined from billing, charging, or causing a consumer to be billed or charged without the consumer's express informed consent.

## IV.

## PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that the Workman Defendants and their Representatives, whether acting directly or indirectly, in connection with the marketing, advertising, promotion,

or offering for sale of any products or services, are hereby permanently restrained and enjoined from misrepresenting, expressly or by implication:

A.  Any affiliation with, or endorsement or sponsorship by, any person or government entity or program, including but not limited to Medicare;

B.  That consumers must provide personal or financial account information to verify consumers' identities;

C.  That the consumer's personal or financial account information will not be used to debit the consumer's financial account;

D.  That failure to pay or provide personal or financial account information could result in loss of any government benefit, including but not limited to Medicare benefits;

E.  The total cost of any products or services, including but not limited to the number of payments, if more than one, and the dates the payments will be submitted for payment;

F.  That a product or service is "free," or otherwise without cost or obligation; or

G.  Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

V.

**INJUNCTION CONCERNING TELEMARKETING**

**IT IS FURTHER ORDERED** that the Workman Defendants and their Representatives, whether acting directly or indirectly, in connection with the Telemarketing of any product or service, are permanently restrained and enjoined from:

6

A. In connection with any telemarketing call, failing to disclose truthfully, promptly, and in a clear and conspicuous manner to the person receiving the call that the purpose of the call is to sell goods or services;

B. In connection with any telemarketing call, making a false or misleading statement to induce any person to pay for goods or services or to induce a charitable contribution;

C. Initiating, or causing others to initiate, an Outbound Telephone Call to a person's telephone number on the National Do Not Call Registry; or

D. Violating the Telemarketing Sales Rule, 16 C.F.R. Part 310, a copy of which is attached.

## VI.

## MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of one million, four hundred nineteen thousand and nine hundred eighty-one dollars ($1,419,981.00) is entered in favor of the Commission against the Workman Defendants as equitable monetary relief. The Workman Defendants' liability for the judgment shall be joint and several with any and all other Defendants against whom the Court may enter judgment, jointly and severally, for equitable monetary relief.

B. In partial satisfaction of the judgment against the Workman Defendants:

1. Individual Defendant Workman is ordered, within seven (7) days of entry of this Order, to pay the Commission Thirty-five thousand dollars ($35,000.00) by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

2. Bank of America, N.A. is ordered, within seven (7) days of entry of this Order, to transfer the funds held in account number xxxxxxxx8312, in the name of Sun Bright

    Ventures LLC, to the Commission by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

  3. C1 Bank is ordered, within seven (7) days of entry of this Order, to transfer the funds held in:

    (a) account number xxxxx4194, in the name of Sun Bright Ventures LLC;

    (b) account number xxxxx3404, in the name of Citadel ID Pro LLC; and

    (c) account number xxxxx2768, in the name of Protenus LLC,

to the Commission by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

  4. Navy Federal Credit Union is ordered, within seven (7) days of entry of this Order, to transfer the funds held in account numbers xxxxxx8704 and xxxxxx8001, in the name of Benjamin Todd Workman, to the Commission by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

  5. Forte Payment Systems, Inc. is ordered, within seven (7) days of entry of this Order, to transfer all funds held on reserve for Citadel ID Pro LLC (MID 161480), to the Commission by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

C. Upon the asset transfer set forth in Subsections VI.B, the remainder of the judgment is suspended, subject to the Subsections below.

D. The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of the Workman Defendants' sworn

8

financial representations and related documents (collectively, "financial representations") submitted to the Commission, namely:

1. the financial statements of Individual Defendant Workman, dated September 15, 2014, including all attachments and supplemental materials; and

2. the financial statements of the Corporate Defendants, dated September 15, 2014, including all attachments and supplemental materials.

E. The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

F. If the suspension of the judgment is lifted, the judgment becomes immediately due in the amount specified in Subsection VI.A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

G. The Workman Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

H. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

I. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

J.      Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

K.      All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VII.

## LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze of the Workman Defendants' assets set forth in the Stipulated Preliminary Injunction As To Defendants Sun Bright Ventures LLC, Citadel ID Pro LLC, And Benjamin Todd Workman (Docket No. 19) entered by this Court on September 18, 2014 ("Preliminary Injunction") shall be lifted to the extent necessary to permit the turnover of the Workman Defendants' assets as required by Section VI above, and upon completion of those payments and transfers, shall be lifted permanently.

## VIII.

## CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that the Workman Defendants and their Representatives, whether acting directly or indirectly, are permanently restrained and enjoined from:

A.     Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, the Workman Defendants must provide it, in the form prescribed by the Commission, within 14 days;

B.     Disclosing, using, or benefiting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Workman Defendant obtained prior to entry of this Order; and

C.     Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

*Provided*, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## IX.

## COOPERATION

**IT IS FURTHER ORDERED** that the Workman Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. The Workman

Defendants must provide truthful and complete information, evidence, and testimony. Individual Defendant Workman must appear and the Corporate Defendants must cause officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon five (5) days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the services of a subpoena.

## X.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that the Workman Defendants obtain acknowledgments of receipt of this Order:

A. Each Workman Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For five (5) years after entry of this Order, Individual Defendant Workman for any business that he, individually, or collectively with any other Defendant, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within seven (7) days of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Workman Defendant delivered a copy of this Order, that Workman Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XI.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that the Workman Defendants make timely submissions to the Commission:

A.   One (1) year after entry of this Order, each Workman Defendant must submit a compliance report, sworn under penalty of perjury:

   1.   Each Workman Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with such Workman Defendant; (b) identify all of that Workman Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and internet addresses; (c) describe the activities of each business and the involvement of any other Workman Defendant; (d) describe in detail whether and how that Workman Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgement obtained pursuant to this Order, unless previously submitted to the Commission.

   2.   Additionally, Individual Defendant Workman must: (a) identify all telephone numbers and all physical, postal, email and internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services, whether as an employee or otherwise, and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's

involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.   For 20 years after entry of this Order, each Workman Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.   Each Workman Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that such Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.   Additionally, Individual Defendant Workman must report any change in: (a) name, including aliases or fictitious names, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any internet address of the business or entity.

C.   Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.   Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of United States of America that the foregoing is

14

true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.	Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to Debrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The subject line must begin, FTC v. Sun Bright Ventures LLC, No. X140061.

## XII.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that the Workman Defendants must create certain records for 20 years after the entry of the Order, and retain each such record for five (5) years. Specifically, each Workman Defendant, for any business in which they, individually or collectively with any other Defendants, are a majority owner or directly or indirectly control, must maintain the following records:

A.	accounting records showing the revenues from all goods or services sold;

B.	personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

C.	records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.	all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.	a copy of each unique advertisement or other marketing material.

15

## XIII.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring the Workman Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer assets as required by this Order:

A.   Within 14 days of receipt of a written request from a representative of the Commission, each Workman Defendant must: submit additional compliance reports or other requested information (which must be sworn under penalty of perjury), appear for depositions, and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.   For matters concerning this Order, the Commission is authorized to communicate directly with each Workman Defendant. The Workman Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Workman Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.   The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to the Workman Defendants or any individual or entity affiliated with the Workman Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendant Workman, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681(a)(1).

## XIV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purpose of construction, modification, and enforcement of this Order.

**SO ORDERED this _____ day of _____, 2015.**

_____
**JUDGE JAMES D. WHITTEMORE**
**United States District Judge**

**SO STIPULATED AND AGREED:**

**FOR THE PLAINTIFF:**

_[signature]_ Dated: July 15, 2015
Thomas M. Biesty
Russell S. Deitch
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3043 (T. Biesty)
(202) 326-2585 (R. Deitch)
(202) 326-3395 (Facsimile)
tbiesty@ftc.gov
rdeitch@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**FOR DEFENDANT BENJAMIN TODD WORKMAN:**

_[signature]_ Dated: 8 May 2015
Benjamin Todd Workman

**FOR DEFENDANT CITADEL ID PRO LLC:**

_[signature]_ Dated: 8 May 2015
Benjamin Todd Workman, as Manager

**FOR DEFENDANT SUN BRIGHT VENTURES LLC:**

_[signature]_ Dated: 8 May 2015
Benjamin Todd Workman, as Managing Member

18

BTW

BTW

_____   Dated: 4 MAY 2015
Frank H. Kerney III
Taracks Rickman & Associates
3210 W. Cypress Street
Tampa, Florida 33607
*Attorney for the Workman Defendants*

19

BTW